## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA,
### Indianapolis Division

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| *vs.* | ) **CAUSE NO. 1:09-cr-76-SEB-KPF-01** |
| | ) |
| **ANTHONY MEYERS**, | ) |
| | ) |
| Defendant. | ) |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned Magistrate Judge pursuant to the Orders entered by the Honorable Sarah Evans Barker, District Judge, on September 21, 2009 (doc. 8) and January 26, 2010 (doc. 21), designating this Magistrate Judge to conduct the proceedings on the pending Petition for Warrant or Summons for Offender Under Supervision, filed on September 16, 2009 (doc. 7) ("Petition"), and the Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed on January 10, 2010 (doc. 20) ("Supplemental Petition") and to submit proposed findings of facts and recommendations for disposition under 18 U.S.C. §§ 3401(I) and 3583(e).

In the United States District Court for the Northern District of Illinois, Mr. Meyers was indicted and, on his plea, was convicted of one count of violating 18 U.S.C. § 876(c) by mailing a threatening communication to a United States judge. On April 16, 2009, he was sentenced to a term of imprisonment of 12 months, a term of supervised release of 36 months, and an

1

assessment of $100.00.[1] *United States v. Meyers*, No. 1:08-cr-00111-1 (doc nos. 1, 35, 36, and 47) (N.D. Ill.). The Northern District of Illinois transferred jurisdiction over Mr. Meyers' supervised release to this Court in May 2009.

Approximately 24 hours after the Bureau of Prisons released Mr. Meyers from imprisonment in this district, he was detained and involuntarily hospitalized on a psychiatric hold by local law enforcement officers because of aggressive and potentially violent behavior toward his mother. He was treated for approximately 7 days and released on September 8, 2009 when hospital physicians determined that he was not an imminent threat to his own or others' safety. Less than 10 hours after his hospital release, Mr. Meyers was arrested by local law enforcement for theft of items from a convenience store. He was charged with a D felony and his prosecution is currently pending against him in state court. Seven days after Mr. Meyers' arrest, the U. S. Probation Office filed the present Petition advising the Court that his charged conduct violated the condition of his supervision that prohibits committing another federal, state, or local crime. Petition at 2, Violation no. 1.

In January 2010, the Probation Office filed the present Supplemental Petition advising the Court of three additional violations of Mr. Meyers' conditions of supervision. Supplemental Petition, Violations nos. 2 -4. Violation no. 2 describes additional conduct by Mr. Meyers that allegedly violates the same condition of supervision allegedly violated in Violation no. 1: the

---

[1] 18 U.S.C. § 876(c) provides a base statutory penalty of a fine, or imprisonment for not more than five years, or both, which classifies the offense of mailing threatening communications as a Class D felony. 18 U.S.C. § 3559(a)(4). However, because Mr. Meyers' communication was addressed to a United States judge, the statutory maximum sentence is increased to ten years, making it a Class C felony. 18 U.S.C. §§ 876(c) and 3559(a)(3).

prohibition on the commission of federal, state, or local crimes. According to the Supplemental Petition, the first incident occurred in January 2010 when Mr. Meyers allegedly chased and threatened to harm a woman in his neighborhood. The woman noticed Mr. Meyers following her on the street and, when she asked him whether he was following her, Mr. Meyers threatened to injure her. The woman ran to her apartment with Mr. Meyers in pursuit. She reached her apartment and heard Mr. Meyers kicking in her apartment building's outer security door. The woman called the police and Mr. Meyers fled before they arrived.

The second incident, or set of incidents, alleged in Violation no. 2 involve multiple threatening telephone calls that Mr. Meyers made to current and former correctional staff members in October 2009 and January 2010.

The third incident occurred in November 2009 at a mental-health facility where Mr. Meyers was receiving treatment. He allegedly threatened staff members, telling them that he would kill anyone who has anything to do with returning him to prison or a hospital. Staff at the facility reported being physically threatened by Mr. Meyers' statements and actions while at the facility and had prohibited him from entering the facility unless he was escorted by law-enforcement officers.

Violation no. 3 reported in the Supplemental Petition alleges a violation of the condition prohibiting Mr. Meyers from leaving the judicial district without Probation-Office approval. Mr. Meyers admitted leaving the Southern District of Indiana on December 31, 2009 and traveling to Chicago, a trip for which the Probation Office had not given permission.

Violation no. 4 alleges a violation of the requirement that Mr. Meyers participate in a

3

program of mental-health treatment and cooperate and comply with the psychiatric medication regimen prescribed by his mental-health treatment providers. The staff at the mental-health facility where Mr. Meyers was receiving treatment informed the Probation Office that it appeared that he had not been taking his prescribed oral anti-psychotic medication for several months. In November 2009, Mr. Meyers admitted his non-compliance with the oral medication and staff informed him that, as a consequence, they would be administering a medication injection. Mr. Meyers refused. He reported for his injection appointment in December 2009 but left before it was administered. He was rescheduled for the next day but failed to appear. Staff reports that he could not be treated in individual therapy sessions because of his medication non-compliance.

Hearings were held on November 9, 2009; January 11, 2010; and April 19, 2010, in accordance with Rule 32.1, *Federal Rules of Criminal Procedure*. Mr. Meyers was represented by counsel at each hearing.

**1.** On November 9, 2009, the Court conducted a hearing on the Petition in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583. Mr. Meyers appeared in person and with his appointed counsel, William Marsh, Federal Community Defender; the government appeared by Brad Shepard, Assistant United States Attorney; and U. S. Parole and Probation appeared by Chris Dougherty, U. S. Parole and Probation officer. The following proceedings occurred:

**a.** The Court appointed William Marsh, Indiana Federal Community Defender, to represent Mr. Meyers in regard to the Petition.

**b.** The Court provided a copy of the Petition to Mr. Meyers and his counsel who informed the Court that they had read and understood the specifications of the violations charged

4

therein and waived further reading thereof.

**c.** The Court advised Mr. Meyers of the following: (1) his right to a preliminary hearing; (2) the purpose of the preliminary hearing in regard to the alleged violations of his supervised release contained in the Petition; (3) his right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses; (4) his right to appear at the preliminary hearing and present evidence on his own behalf; (5) if the preliminary hearing resulted in a finding of probable cause that Mr. Meyers violated a condition or conditions of his supervised release, he would be held for a revocation hearing before this Magistrate Judge, in accordance with Judge Barker's designation.

**d.** Mr. Meyers, by counsel, requested a continuance of the hearing. The request was granted and the preliminary and any required revocation hearing were set for January 11, 2010. Before releasing Mr. Meyers, the Court modified his conditions of supervised release pursuant to a written waiver of hearing which was presented to and executed by both Mr. Meyers and Ms. Dougherty, on behalf of the U. S. Probation Office. Mr. Meyers was then released under the modified conditions of supervised release.

**2.** On January 11, 2010, Mr. Meyers and his counsel, the government by counsel, and Ms. Dougherty appeared for the scheduled preliminary and any required revocation hearing. After reviewing the status of the case and hearing from Mr. Meyers and his counsel, Ms. Dougherty, and counsel for the government, the Court, on its own motion, found reasonable cause to believe that Mr. Meyers might then be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature

5

and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, the Court designated Mr. Meyers for an examination pursuant to 18 U.S.C. § 4241, *et. seq.;* committed him to the custody of the Attorney General of the United States; and adjourned further proceedings. Mr. Meyers was transferred to the United States Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP").

3. On January 25, 2010, the Supplemental Petition was filed before the Honorable Sarah Evans Barker, District Judge. On January 26, 2010, Judge Barker ordered (1) that no warrant was required due to the fact that Mr. Meyers was already in custody, (2) that a copy of the Supplemental Petition should be served on him, and (3) that proceedings on the Supplemental Petition were to be consolidated with the prior Petition before this Magistrate Judge.

4. On April 9, 2010, the Court received a transmittal letter, dated March 29, 2010, and an eleven-page forensic psychological report, dated March 24, 2010. The transmittal letter was signed by Marty C. Anderson, Warden of the MCFP, and the forensic psychological report was signed by Douglas O. Cacialli, M.A., Psychological Intern, and Richart L. DeMier, Ph.D., Supervising Clinical Psychologist, United States Medical Association, at the MCFP.

5. On April 19, 2010, Mr. Meyers appeared in person and with his appointed counsel, William Marsh; the government appeared by Brad Shepard, Assistant United States Attorney; and the U. S. Probation Office appeared by Chris Dougherty.[2] The Court conducted the

_____

[2] This Magistrate Judge ordered a transcript of relevant portions from the April 19, 2010 hearing which is attached as Exhibit A and incorporated herein. The transcript records the Magistrate Judge's reasons for his recommendations to the District Judge and Mr. Meyers' contemptuous conduct during the proceedings. This Report and Recommendation is a summary

following proceedings in accordance with 18 U.S.C. §§ 4241(c) and 4247(d):

**a.** The Court took judicial notice of the MCFP transmittal letter and psychological report and hereby incorporates them herein as if set forth.

**b.** Mr. Meyers, his counsel, and counsel for the government, stipulated to the admissibility of the transmittal letter and psychological report and further stipulated their lack of objection to the conclusions stated therein that Mr. Meyers was mentally competent to understand the nature and consequences of the proceedings against him, and/or to assist properly in his defense.

**c.** The Court took judicial notice of all papers and pleadings in the clerk's file and proceeded to conduct an initial hearing on the Supplemental Petition.

**d.** A copy of the Supplemental Petition was provided to Mr. Meyers and his counsel who informed the Court that they had read and understood the specifications of the violations charged therein and waived further reading thereof.

**e.** The Court advised Mr. Meyers of the following: (1) his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Supplemental Petition; (2) his right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses; (3) his right to appear at the preliminary hearing and present evidence on his own behalf; and (4) if the preliminary hearing resulted in a finding of probable cause that Mr. Meyers had violated an alleged condition or conditions of his supervised release set forth in the Supplemental Petition, he would be held for a revocation hearing before

of the proceedings and the transcript properly represents the record thereof.

7

the undersigned Magistrate Judge.

**f.** Mr. Marsh stated that Mr. Meyers stipulated there is a basis in fact to hold him on the specifications of violations of supervised release set forth in both the Petition and the Supplemental Petition. Mr. Meyers then orally waived, by counsel, the preliminary examination and he was held to answer therefor.

**g.** Mr. Meyers, by counsel, stipulated that he committed Violation no. 3 alleged in the Supplemental Petition — leaving the district without permission.

**h.** Mr. Meyers denied committing Violation no. 1 alleged in the Petition and violation nos. 2 and 4 alleged in the Supplemental Petition.

**I.** The government did not present any evidence supporting Mr. Meyers' commission of alleged violation number 1.

**j.** Chris Dougherty, U. S. Probation Officer, testified regarding Mr. Meyers' commission of Violation nos. 2 and 4. Ms. Dougherty was cross-examined and her testimony is properly reflected in the record.

**k.** The parties further stipulated to the following:

(1) Mr. Meyers has a relevant criminal history category of IV according to United States Sentencing Guideline § 7B1.4(a);

(2) The most serious grade of violation committed by Mr. Meyers constitutes a Grade B violation, pursuant to U.S.S.G. § 7B1.1(b); and

(3) Pursuant to U.S.S.G. § 7B1.4(a) and these stipulations, upon revocation of Mr. Meyers' supervised release, the applicable range of imprisonment is 12 to 18 months.

**l.** Mr. Meyers and the government each presented evidence and argument regarding the

8

appropriate dispositions of the Petition and Supplemental Petition.

**6.** Upon finding a violation of supervised release, and after considering specific

sentencing factors set forth in 18 U.S.C. § 3553, a court may (1) terminate a term of supervised

release; (2) extend a term of supervised release; (3) modify, reduce, or enlarge the conditions of

supervised release; (4) revoke a term of supervised release and require the defendant to serve in

prison all or part of the authorized term of supervised release; or (5) require home detention and

monitoring. 18 U.S.C. § 3583(e). The sentencing factors that a court must consider before

modifying or revoking a defendant's supervised release are:

  (1) the nature and circumstances of the offense and the history and characteristics
  of the defendant, 18 U.S.C. § 3553(a)(1);

  (2) the need for the sentence imposed —

    (a) to afford adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B);

    (b) to protect the public from further crimes of the defendant, *id.* §
    3553(a)(2)(C); and

    (c) to provide the defendant with needed educational or vocational
    training, medical care, or other correctional treatment in the most
    effective manner, *id.* § 3553(a)(2)(D);

  (3) the applicable guidelines or policy statements issued by the Sentencing
  Commission pursuant to 28 U.S.C. § 994(a)(3), regarding the appropriate use
  of the provisions for modifying or revoking supervised release set forth in 18
  U.S.C. § 3583(e), 18 U.S.C. § 3553(a)(4)(B);

  (4) any pertinent policy statements issued by the Sentencing Commission
  pursuant to 28 U.S.C. § 994(a)(2) regarding application of the sentencing
  guidelines or any other aspect of sentencing or sentence implementation that
  would further the purposes of 18 U.S.C. § 3553(a)(2), including the
  appropriate use of conditions of supervised release, 18 U.S.C. §
  3553(a)(4)(B); 28 U.S.C. § 994(a)(2)(B);

  (5) the need to avoid unwarranted sentence disparities among defendants with
  similar records who have been found guilty of similar conduct, 18 U.S.C. §

9

3553(a)(6); and

(6) the need to provide restitution to any victims of the offense, *id.* § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a).[3]

A judge is not required to express his analysis of each specific sentencing factor on the

record; all that is required is that he calculate the range correctly and adequately support any

departure therefrom consistent with the designated § 3553(a) sentencing factors. *United States*

*v. Tockes*, 530 F.3d 628, 634 (7th Cir. 2008).

> If in every federal criminal case the sentencing judge must touch all the bases in
> section 3553(a) even if not asked to do so by either side, the *Booker* decision will
> have unwittingly succeeded in doubling the amount of work involved in
> sentencing. The judge must, as we know, compute the guidelines sentence, just
> as he had to do before *Booker*. But in addition, according to [defendant], the
> judge must state on the record how each of the factors in section 3553(a) figured
> in his deciding what sentence to give the defendant. It is not at all helpful that
> many of the factors are vague and, worse perhaps, hopelessly open-ended. How
> far, for example, is the judge to delve into the "characteristics" of the defendant?
> How far is he to go in investigating the possibility of "unwarranted sentencing
> disparities"? Must he elaborate upon the meaning of "promote respect for law"?
> And must he discuss all the rival theories of "just punishment" (retributive,
> deterrent, rehabilitative, incapacitative)?
>
> Section 3553(a), unlike the guidelines themselves after *Booker*, is
> mandatory. The sentencing judge cannot, after considering the factors listed in
> that statute, import his own philosophy of sentencing if it is inconsistent with
> them. And therefore he can, as a matter of prudence, unbidden by either party, do
> what [defendant] wants him to do — write a comprehensive essay applying the
> full panoply of penological theories and considerations, which is to say
> everything invoked or evoked by section 3553(a) — to the case before him.
>
> But that is not required; . . . the sentencing judge can discuss the

_____

[3] The two conviction-sentencing factors that a court is not required to consider before
modifying or revoking a defendant's supervised are (1) the need for the sentence imposed to
reflect the seriousness of the offense, to promote respect for the law, and to provide just
punishment for the offense, 18 U.S.C. § 3553(a)(2)(A); and (2) the kinds of sentences available,
*id.* § 3553(a)(3). 18 U.S.C. § 3583(e).

10

application of the statutory factors to the defendant not in checklist fashion but instead in the form of an adequate statement of the judge's reasons, consistent with section 3553(a), for thinking the sentence that he has selected is indeed appropriate for the particular defendant. "Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005). This shortcut is justified by the indeterminate and interminable character of inquiry into the meaning and application of each of the "philosophical" concepts in which section 3553(a) abounds.

However, the farther the judge's sentence departs from the guidelines sentence (in either direction — that of greater severity, or that of greater lenity), the more compelling the justification based on factors in section 3553(a) that the judge must offer in order to enable the court of appeals to assess the reasonableness of the sentence imposed.

*United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005) (citations omitted). *United States v. Perkins*, 526 F.3d 1107, 1110-11 (8th Cir. 2008) ("A district court is not required to make specific findings; all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors. . . . If a district court 'references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute.'" (citations and internal quotations omitted)).

By statute, a court may revoke a term of supervised release and require a defendant:

to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . .

18 U.S.C. § 3583(e)(3). In this case, the statute authorized the sentencing court to impose an original term of supervised release of not more than 3 years for Mr. Meyers' offense. 18 U.S.C. § 3583(b)(2). However, if the offense that resulted in the original term of supervised release is a

Class C felony, which Mr. Meyers' offense was, then a defendant may not be required to serve, on any revocation, more than 2 years in prison. 18 U.S.C. § 3583(e)(3).

A court may impose another term of supervised release following a term of revocation imprisonment but its length is limited to the term of supervised release authorized by statute for the offense that resulted in the original term of imprisonment — in this case, 3 years — less any new term of imprisonment imposed on revocation of the original supervised release. 18 U.S.C. § 3583(h).

Finding that the subject of supervised-release violations required further study, the Sentencing Commission promulgated only policy statements, not formal guidelines, for the application of 18 U.S.C. § 3583(e). United States Sentencing Commission, *Guidelines Manual*, Ch. 7, Pt. A 1 (Nov. 2009). The policy statements prescribe options for sanctioning violations of supervised release depending upon the classification of a defendant's violations, U.S.S.G. § 7B1.1 p.s., and his criminal history category, *id.* § 7B1.4(a) p.s.

Although the Sentencing Guidelines are only advisory, *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a sentencing court is required to begin with a properly-calculated Guidelines sentence, then proceed to consider the statutory sentencing factors of 18 U.S.C. § 3553(a), the presentence report, and the parties' arguments in arriving at a sentence, *id.*; *United States v. Vrdolyak*, ___ F.3d ___, 2010 WL 323055, *9-10 (7th Cir., Jan. 29, 2010). The sentencing court may not apply a general presumption in favor of the Guidelines range or a presumption that the range is reasonable. *Id.*; *United States v. Nurek*, 578 F.3d 618, 625-26 (7th Cir. 2009), *pet. for cert. filed* (U.S., Dec. 11, 2009) (No. 09-8147); *United States v.*

12

*Allday*, 542 F.3d 571, 572-73 (7th Cir. 2008) ("the district court can neither presume the Guidelines to be reasonable nor place the burden on the defendant to demonstrate the unreasonableness of the Guidelines sentence."). Further, although the Sentencing Guidelines, even on their own terms, are not mandatory in revocation proceedings, "as policy statements, they are entitled to great weight," *United States v. Berry*, 583 F.3d 1032, 1034 (7th Cir. 2009), and a trial judge must consider the recommended range before imposing a sentence outside that range, *United States v. Hale*, 107 F.3d 526, 529 (7th Cir. 1997) ("the district court must consider the range designated in the Table [U.S.S.G. § 7B1.3(a) p.s.], but the court is thereafter free to impose a sentence outside the designated range, subject to the maximum sentence allowable under 18 U.S.C. § 3583(e)(3)"). *See also*, *United States v. Marvin*, 135 F.3d 1129, 1140 (7th Cir. 1998) ("'[t]he policy statement set out in section 7B1.4(a) is entitled to great weight. It is an element in the exercise of a judge's discretion in sentencing. It would be an abuse of his discretion to ignore it. But it doesn't have to be followed.'" (quoting *United States v. Doss*, 79 F.3d 76, 78 (7th Cir. 1996))).

**7.** According to the Guidelines, revocation of supervised release is mandatory upon finding a Grade B violation of conditions. U.S.S.G. § 7B1.3(a)(1) p.s. With Mr. Meyers' stipulated highest Grade B violation of conditions[4] and stipulated Criminal History Category of IV, the Guidelines advise an imprisonment range of 12-18 months. U.S.S.G. § 7B1.4(a) p.s. As noted above, the statute authorizes a maximum term of imprisonment of two years.

---

[4] "When there is more than one violation of the conditions of supervision . . . , the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b) p.s.

13

**8.** Having heard and considered the stipulations, evidence, and arguments of the parties, this Magistrate Judge finds, and recommends that the Court find, the following:

**a.** Based on the expert opinions reported in the Forensic report, the lack of objection thereto, and the evidence relevant to Mr. Meyers' mental health, the preponderance of the evidence proves that Mr. Meyers is physically and mentally competent to understand the nature of the proceedings and the consequences therefrom, and to assist properly in his defense.

**b.** On his stipulation and the evidence, the preponderance of the evidence proves that Mr. Meyers committed Violation no. 3.

**c.** Based on the government's declination to present evidence on Violation no. 1, the preponderance of the evidence does not prove that Mr. Meyers committed Violation no. 1.

**d.** The preponderance of the evidence proves that Mr. Meyers committed Violations nos. 2 and 4.

**9.** Based on the statutes and the Sentencing Guidelines, and for the reasons set forth in the April 19, 2010 hearing transcript, this Magistrate Judge concludes, and recommends that the Court conclude, the following:

**a.** Mr. Meyers' supervised release should be revoked.

**b.** Mr. Meyers should be imprisoned for a term of twenty-four months, which is the maximum allowed by the statute. The serious nature of Mr. Meyers' violations and his demonstrated disinclination to conform his conduct to the law warrant a term of imprisonment above the 18-month maximum term advised by the Sentencing Guidelines.

**c.** This magistrate judge recommends that the Court make no recommendation to the Bureau of Prisons regarding the facility at which Mr. Meyers is held. During his imprisonment,

14

Mr. Meyers should be subject to the Bureau of Prisons' mental-health care and/or counseling, as the Bureau of Prisons deems appropriate.

**d.** At the conclusion of Mr. Meyers' imprisonment, he should be subject to one year of supervised release under the same conditions that were originally imposed.

### Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen days after being served with a copy of this Supplement to Report and Recommendation in which to serve and file "specific written objections" thereto with the district judge and the opposing parties have fourteen days after being served with objections to respond thereto. Because this Supplement to Report and Recommendation specifically reasserts and incorporates the original Report and Recommendation, objections may be made, and shall be effective, against both entries. A district judge must make a *de novo* determination of any portion of the recommended disposition to which objection is made, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999), and a party's failure timely to file objections to a magistrate judge's recommendation risks waiving that party's right to appeal the district judge's adoption of it, *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009).

**SO ORDERED** this 24th day of May, 2010.

Kennard P. Foster, Magistrate Judge
U.S. District Court
Southern District of Indiana

15

Distribution:

Brad Shepard, Assistant United States Attorney
brad.shepard@usdoj.gov

William E. Marsh, Indiana Federal Community Defenders
bill.marsh@fd.org

U. S. Probation Office

U. S. Marshal's Service